UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Paul Woodham, on behalf of himself and all persons similarly situated, ) ) ) ) Plaintiff, ) ) vs. ) ) Apple Gold, Inc. d/b/a Applebee's ) Neighborhood Grill and Bar, Sarah ) Pirozzi and Tim McNamara, ) ) ) Defendants. ) _____ ) | Civil Action No.: 4:15-cv-01212-BHH  **Opinion and Order** |

Plaintiff Paul Woodham, on behalf of himself and all persons similarly situated, brought this action in state court against the Defendants Apple Gold, Inc.[1] d/b/a Applebee's Neighborhood Grill and Bar, Sarah Pirozzi and Tim McNamara (collectively Defendants) alleging violations of the South Carolina Payment of Wages Act (SCPWA). Defendants removed the case to this Court and moved for dismissal on the grounds that Plaintiff's claim for failure to pay wages is preempted by the Fair Labor Standards Act (FLSA). (*See* ECF No. 6.) Plaintiff filed a response in opposition (ECF No. 13), Defendants filed a reply (ECF No. 15), and the Court has carefully reviewed all of the parties' submissions. In his response, Plaintiff requests that "should any dismissal be

---

[1] Defendants allege that "Apple Gold, Inc." is improperly identified and should be referred to as, "New Apple, Inc." Prior to filing an amended complaint, Plaintiff is to confer with Defendants to see if the parties can agree on the proper name of this specific defendant.

warranted, that he first be allowed to amend his Complaint to assert causes of action pursuant to both federal and state law."[2] (ECF No. 13 at 11.)

The Court suspects that most if not all of Plaintiff's claims are precluded by the FLSA. *See Degidio v. Crazy Horse Saloon and Rest., Inc*, 4:13-CV-02136-BHH, 2015 WL 5834280, at *4 (D.S.C. Sept. 30, 2015) ("[T]o the extent that the plaintiff is alleging that the defendant violated her rights under the SCPWA by failing to pay appropriate minimum wages for all hours worked and "denying overtime wages, those claims are preempted by the FLSA." (quotation marks and ellipsis omitted)). Nevertheless, the Court will grant Plaintiff leave to file an amended complaint to assert claims under the FLSA, which should be done in thirty (30) days. Plaintiff may reassert any claims under the SCPWA that he believes are not preempted by the FLSA, and Defendants may reassert their preemption arguments in a renewed motion to dismiss or in a motion for summary judgment. Accordingly, Defendants' motion to dismiss (ECF No. 6) is denied without prejudice to their right to re-raise their arguments as set forth above.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

February 24, 2016
Greenville, South Carolina

---

[2] The best practice in such instances is to accompany such a request with a motion to amend the complaint, rather than waiting for the Court to rule on the dispositive motion, which, as a practical matter, will not be addressed as promptly as a motion to amend.