IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| PAUL WOODHAM, on behalf of himself and all persons similarly situated | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | C.A. No. 4:15-cv-01212-BHH |
| NEW APPLE, INC. AND APPLE GOLD, INC., BOTH D/B/A APPLEBEE'S NEIGHBORHOOD GRILL AND BAR, SARAH PRIOZZI, and TIM MCNAMARA, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**JOINT MOTION TO APPROVE SETTLEMENT**

Plaintiff, Paul Woodham, ("Plaintiff") and Defendants, New Apple, Inc., Apple Gold, Inc., Sarah Pirozzi, and Tim McNamara ("Defendants"), (collectively referred to herein as the "Parties"), jointly file this motion for approval of the Settlement Agreement and Release of Claims, requesting that the Court approve the Parties' Settlement Agreement and dismiss this case with prejudice. This motion is based upon the Settlement Agreement and Release of Claims ("Settlement Agreement") which is being submitted to the Court for *in camera* review and all the files, records, and proceedings herein.[1] The Parties agree that the terms set forth in the Settlement Agreement are fair and reasonable and that no hearing before the Court is needed or requested.

---

[1] The parties are submitting the settlement agreement as Exhibit A for *in camera* review as opposed to filing the agreement to maintain the confidential nature of the agreement. On prior occasions, this Court has approved FLSA settlements even though the settlement agreement was not filed with the Court. *See Foster v. M5 Hospitality Group, LLC*, No. 4:14-cv-04517-RBH; *Herspold v. King Kong Sushi Bar & Grill, LLC*, No. 4:14-cv-03418-RBH.

**FACTUAL BACKGROUND**

Plaintiff filed this lawsuit on February 6, 2015. On March 15, 2016, Plaintiff filed an Amended Complaint containing two causes of action: (1) violation of the South Carolina Payment of Wages Act ("SCPWA"), and (2) violation of the Fair Labor Standards Act ("FLSA"). Plaintiff's SCPWA cause of action was dismissed by the Court on December 12, 2016. Therefore, the only cause of action remaining in this lawsuit is under the FLSA. Plaintiff brings his FLSA claim on behalf of himself and all persons similarly situated, alleging that Defendants improperly failed to pay him and other similarly situated individuals the proper minimum wage and proper overtime wages for all hours worked between approximately 2008 and 2014. The Parties have negotiated in good faith and reached an agreement to settle Plaintiff's claims in this lawsuit.

Through discovery, Plaintiff has had an opportunity to explore the factual and legal issues in this case, including all issues he believes are necessary for him to explore related to his FLSA claim. As a result, Plaintiff believes that the settlement reached in this matter is fair, just and equitable.

Plaintiff is represented by J. Scott Kozacki, who regularly represents clients in employment-law disputes. The Parties, through their respective counsel, have engaged in arms-length settlement negotiations. The terms and conditions of settlement reflected in the Settlement Agreement are a product of the Parties' negotiations, and Plaintiff's counsel believes that the settlement reached in this case is a fair and reasonable compromise of the disputed issues in this case. In addition, the Parties believe that the certainty of settlement is better than the uncertain outcome in litigation, and settlement of this matter will avoid the costs and delays that would be inherent in protracted litigation.

## LEGAL ANALYSIS

### 1. Standard of Review

The FLSA provides, in relevant part, that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be." 29 U.S.C. § 216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c), or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460-61 (4th Cir. 2007), *reinstating* 415 F.3d 364 (4th Cir. 2005) (discussing need for prior approval from court or United States Department of Labor of any waiver or release of FLSA claims).

Although the Fourth Circuit has not set forth specific guidelines for approval of an FLSA settlement, the Eleventh Circuit has, as explained in *Lynn's Food Stores*. According to the Eleventh Circuit, a district court, when reviewing a proposed settlement of an FLSA claim, must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* at 1353, 1355. The *Lynn's Food Stores* case essentially established four factors for a district court to examine to determine whether to approve an FLSA settlement:

    1. Was the settlement achieved in an adversarial context?

3

>     2. Was the Plaintiff represented by attorneys who can protect his or her rights?
>
>     3. Does the settlement reflect a reasonable compromise over issues that are actually in dispute?
>
>     4. Is the settlement fair?

*Id.* at 1353-54.

### 2. A Bona Fide Dispute Under The FLSA Exists As To Liability

Plaintiff alleges that Defendants improperly failed to pay him and other persons similarly situated the prescribed minimum wage and proper overtime wages for all hours worked between approximately 2008 and 2014, thus violating the FLSA. Defendants dispute this contention. Defendants contend that Plaintiff and other similarly situated employees received proper minimum and overtime wages under the FLSA for all hours worked. Thus a bona fide dispute exists as to Defendants' liability under the FLSA.

### 3. The Settlement Is Fair And Reasonable

Plaintiff's probability of success is uncertain, and settlement of the action in favor of certainty is a fair and reasonable decision. Here, Plaintiff's attorney is fully aware of the factual contentions of his client and is in the best position to opine as to whether this settlement produces fair results after consideration of risks. The Parties have worked together to reach a final settlement amount that adequately compensates Plaintiff for all claims asserted in this action in light of the defenses raised by Defendants. Plaintiff understands that his claim might be dismissed as a matter of law. Plaintiff also understands that he might receive a verdict lower than the settlement amount if this case were to proceed through trial. Alternatively, Defendants may be faced with a judgment in excess of the settlement amount should this matter be decided by a jury. Thus, the settlement is a fair and reasonable resolution of a bona fide dispute.

### 4.     Reasonable Compromise

Plaintiff's claims against Defendants in this case are brought pursuant to the FLSA, which requires that nonexempt workers receive a prescribed minimum wage and also compensation of time and one-half their normal hourly rate for all hours worked over 40 in a workweek. It is Plaintiff's position that Defendants failed to pay proper minimum wages and overtime wages for hours worked over 40 in a workweek in violation of the FLSA.

However, as previously discussed, there is a dispute regarding the number of hours, if any, that Plaintiff and other similarly situated employees worked and for which they were not properly compensated. Defendants contend that Plaintiff and other similarly situated employees received proper payment for all hours worked.

In light of the foregoing, Plaintiff and his counsel believe that the settlement sum set forth in the Settlement Agreement constitutes a reasonable approximation of the value of Plaintiff's disputed claim for violation of the FLSA's minimum wage and overtime provisions. Plaintiff acknowledges that there may be genuine disputes of material fact underlying these calculations to be determined in the litigation of these claims and, therefore, that the agreed-upon settlement amount constitutes a fair and equitable resolution of this action.

### CONCLUSION

Plaintiff and Defendants respectfully request that this Court enter an Order approving the settlement and dismissing this case with prejudice.

[SIGNATURE BLOCK ON NEXT PAGE]

Respectfully submitted this the 20th day of December, 2017.

FOR PLAINTIFF:                                              FOR DEFENDANTS:

By:  *s/J. Scott Kozacki*                                   By: *s/Jonathan A. Roth*
    J. Scott Kozacki (Fed. Bar No. 5456)                D. Christopher Lauderdale (Fed. Bar No. 9051)
    Email: skozacki@willcoxlaw.com                        Email: lauderc@jacksonlewis.com
                                                          Andreas N. Satterfield, Jr. (Fed. Bar No. 04812)
    P.O. Box 1909                                         Email: andy.satterfield@jacksonlewis.com
    Florence, SC  29503-1909                              Jonathan A. Roth (Fed. Bar No. 11662)
    Phone: (843) 664-3364                                 Email: jonathan.roth@jacksonlewis.com
    Fax: (843) 664-3358

                                                          JACKSON LEWIS P.C.
                                                          15 South Main Street, Suite 700
                                                          Greenville, SC 29601
                                                          Phone: (864) 232-7000
                                                          Fax: (864) 235-1381