IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| PAUL WOODHAM, on behalf of himself and all persons similarly situated ) ) ) ) Plaintiffs, ) ) v. ) ) ) NEW APPLE, INC. AND APPLE GOLD, ) INC., BOTH D/B/A APPLEBEE'S ) NEIGHBORHOOD GRILL AND BAR, ) SARAH PRIOZZI, and TIM ) MCNAMARA, ) ) Defendants. ) _____ ) | C.A. No. 4:15-cv-01212-RBH |

## **ORDER APPROVING SETTLEMENT UNDER THE FAIR LABOR STANDARDS ACT**

This matter comes before the Court by way of a Joint Motion. The attorneys for Plaintiff and Defendants (jointly "Parties") request approval of the Settlement Agreement reached between the Parties.

Plaintiff alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereafter "FLSA").  Defendants deny any liability under the FLSA.  There are disputes between the Parties as to the underlying facts and the controlling law.  Nonetheless, the Parties believe the settlement reached and agreed upon to be a fair and reasonable settlement of their dispute, given the uncertainty as to liability and damages and the estimated future costs of litigation.[1]  The settlement of FLSA claims outside the context of Department of Labor

---

[1] A copy of the Settlement Agreement was provided to the Court for review *in camera.* The Parties desire to maintain a confidential Settlement Agreement. While the Parties have not filed the agreement with the court, they do seek the court's *in camera* review and approval of the settlement pursuant to *Taylor v. Progress Energy, Inc.,* 415 F.3d 364 (4th Cir. 2005). The court's review of the settlement and subsequent dismissal does not fall within the purview of Local Rule 5.03(e). This agreement does not involve "court enforced secrecy" since the penalty for disclosure is not contempt of court. As Judge Anderson noted, "Rule 5.03 addresses court ordered secrecy, i.e. a settlement whereby the parties consent to an

supervised settlements requires court approval. Courts generally approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. See *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982); *Clark v. Ecolab Inc.,* 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010). If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *Lynn's Food Stores, Inc.,* 679 F.2d at 1354.

After due consideration and inquiry into the circumstances surrounding the proposed settlement of Plaintiff's FLSA claims against Defendants, and review of the Settlement Agreement, I find and conclude that the proposed settlement in this case meets the standard for approval as it reflects a reasonable compromise of a bona fide dispute. I find and conclude that the proposed settlement is just and reasonable and in the best interest of the Parties. I further find the settlement to have been reached in good faith.

The Settlement Agreement is hereby approved. This case is hereby dismissed with prejudice. Except as otherwise stated in the Settlement Agreement, the Parties shall bear their own costs and attorney's fees associated with this action. The Court declines to retain jurisdiction to enforce the terms of the Settlement Agreement.

IT IS SO ORDERED.

| | |
|---|---|
| December 28, 2017 | s/ R. Bryan Harwell |
| Florence, South Carolina | R. Bryan Harwell |
| | United States District Judge |

---

order of the court directing that the settlement, the court documents, or whatever else the parties agree upon, remain secret. It is one thing to say that the parties have the right, as they do, to agree upon secrecy inter se; it is quite another to suggest that there is some legal right to force a judge to sign an order requiring that the parties 'hush up' on pain of contempt of court." Joseph F. Anderson, Jr., *Hidden from the Public by Order of the Court: The Case Against Government-Enforced Secrecy, 55* S.C. L. Rev. 711, 727 (2004). In contrast, this dismissal order does not order the Parties to keep silent. Rather, the Parties have agreed among themselves not to disclose the terms.